8 N.J. Super. 260 (1950)
74 A.2d 316
JOHN LABASH, PLAINTIFF,
v.
THE BOARD OF EMBALMERS AND FUNERAL DIRECTORS OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1950.
Decided June 21, 1950.
Before Judges McGEEHAN, COLIE and EASTWOOD.
*261 Mr. Jack Rinzler argued the cause for plaintiff (Mr. Michael Andrus, attorney).
Mr. Joseph Lanigan argued the cause for defendant (Mr. Theodore D. Parsons, Attorney General).
The opinion of the court was delivered by COLIE, J.A.D.
This matter is before the court on petition for declaratory judgment under Rule 3:81-10. The certified copy of the proceedings discloses that John Labash requested the Board of Embalmers and Funeral Directors for a permit to conduct a branch establishment. Somewhat later a second application was made "to conduct two establishments, one at Passaic, the other at Rockaway, New Jersey, but with embalming facilities present only at the Passaic location and no licensed manager in charge of the proposed Rockaway establishment. After hearing and discussion upon the admission of petitioner that there would be no licensed manager at the Rockaway establishment, the Board denied the application as being in violation of the rule herein set forth." The rule referred to is No. 27 and reads:
"No branch establishment will be permitted within the State of New Jersey, unless there is a licensed resident manager in charge thereof. The licensee shall personally supervise all work emanating therefrom. No name shall appear in connection with or advertising any branch establishment, unless the person whose name is used for such purpose, is the holder of a license authorizing him to carry on such business. Before any branch may be established or continued, application for establishment or continuance must be made to the Board, and permission given by it in writing, signed by the President and Secretary. The Board may in any case at any time, investigate the status of each branch establishment to verify whether or not the business emanating therefrom is wholly in charge of a resident licensed manager. Unless the Board is satisfied that the business so emanating is in charge of a resident licensed manager, the Board may direct the discontinuance of such branch establishment; and, if, thereafter, the business of such branch establishment shall continue in violation of the Board's order of discontinuance, the license of the licensee who shall maintain or permit the maintenance of such branch establishment in violation of the order of the Board, may be revoked by the Board, after notice and hearing."
*262 Plaintiff demands judgment that the above rule or the portion thereof which requires the licensed manager to be "resident," be adjudged unconstitutional as unreasonable, capricious, arbitrary and oppressive. The answer of the Board admits that the plaintiff is the holder of a license and the sole question before us is the validity of the above rule. The Legislature by Chapter 156 of the Laws of 1927 passed a statute to regulate the business of dealing with dead human bodies and that statute, amended and supplemented, now appears as R.S. 45:7-1 et seq. Obviously the subject matter is one affecting the public health and therefore within the police power of the State. R.S. 45:7-19 empowers the Board of Embalmers and Funeral Directors to adopt rules and regulations regulating, among other things, "the business of preparing or of embalming dead bodies and of disinfecting the bodies of persons dying of a contagious or infectious disease." Under the authority of Section 19, the Board adopted Regulation 27 quoted above. The parties to this appeal agree that the Board was entitled to adopt rules in accordance with the authority of the statute, providing that such rule bears a real and substantial relation to public health and is not arbitrary or oppressive. See Regal Oil Co. v. State, 123 N.J.L. 456 (Sup. Ct. 1939). The rules requires "a licensed resident manager in charge thereof * * *" and "a resident licensed manager." Aside from the patent ambiguity arising from the use of the word "resident" (we are unable to determine whether it means residing in the building where the business is conducted, in the municipality or in the county where the establishment is located), we do not see what bearing the residence of a licensed manager has to do with safeguarding the public health. The requirement that the business be conducted under the charge of a licensed manager is reasonable but the requirement that he be resident appears to us to be a matter of no moment and therefore is unreasonable, capricious and arbitrary.
The rule insofar as it requires the licensed manager of a branch to be "resident" is adjudged void and the matter remanded for reconsideration in light of the holding herein.