12 N.J. Super. 334 (1951)
79 A.2d 693
JOHN LABASH, PLAINTIFF-APPELLANT,
v.
THE BOARD OF EMBALMERS AND FUNERAL DIRECTORS OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 26, 1951.
Decided March 21, 1951.
*335 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Jack Rinzler argued the cause for plaintiff-appellant (Messrs. Feder & Rinzler, attorneys).
Mr. Joseph Lanigan, Deputy Attorney-General, argued the cause for defendant-respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
PER CURIAM.
The plaintiff appeals from a determination of the Board of Embalmers and Funeral Directors of the State of New Jersey (hereinafter referred to as the "board") made on July 11, 1950, denying his application for a transfer of a permit to operate a branch establishment.
For over 20 years the plaintiff has been licensed by the board as a funeral director and embalmer, and has been engaged in the business of funeral director and embalmer with a main establishment in Passaic, New Jersey. On April 19, 1938, the board issued a permit to the plaintiff to establish a branch establishment, and the plaintiff conducted a branch establishment in Woodbridge, New Jersey, until 1939 and thereafter in Passaic, New Jersey, until September, 1949. In the early part of 1949 he applied to the board for a transfer of his permit to operate a branch establishment, so as to be permitted to operate such branch establishment at Rockaway, New Jersey, about eight miles distant from his main establishment in Passaic. The board held a hearing on the application on June 16, 1949. Rule 27 of the board, in effect at the time, provided: "No branch establishment will be permitted within the State of New Jersey, unless there is a licensed resident manager in charge thereof. * * *". On October 31, 1949, the board denied the application on the ground that the plaintiff intended to *336 conduct the branch establishment "without engaging a resident licensed embalmer and funeral director" in violation of Rule 27.
On appeal to this court, we held that Rule 27, insofar as it requires the licensed manager of a branch to be "resident," is void and we remanded the matter to the board for reconsideration, in the light of our holding. Labash v. Board of Embalmers, etc., N.J., 8 N.J. Super. 260 (App. Div. 1950). The appeal was decided June 21, 1950, and on June 30, 1950, the board adopted Rule 36, which the respondent concedes is, in effect, an amendment of Rule 27 and which, among other changes, strikes out the "resident" requirement contained in Rule 27. Rule 36 provides: "No branch establishment shall be permitted within the State of New Jersey, unless there be a licensed branch manager in charge thereof. Such licensee shall personally supervise all work emanating therefrom and he shall not be the licensed manager of any other main or branch establishment and his name as such branch manager shall be at all times conspicuously displayed. * * *" (Italics ours to indicate new matter.) On July 11, 1950, the board reconsidered the plaintiff's application. The plaintiff again sought a permit for a branch establishment at Rockaway, with the right to conduct both his main establishment and the branch establishment under his supervision. The board again denied the plaintiff's application on the ground that he had not satisfied the board that such branch establishment would be conducted by a licensed branch manager who would not be a licensed branch manager of any other main or branch establishment, as required by Rule 36.
Plaintiff argues that Rule 36 is unreasonable, capricious and arbitrary and therefore invalid insofar as it requires that each branch establishment must be conducted under the charge of a licensed branch manager who "shall not be a licensed manager of any other main or branch establishment." R.S. 45:7-19 empowers the board to adopt rules and regulations in accordance with which "the business of preparing or of embalming dead bodies and of disinfecting the bodies of persons dying of a contagious or infectious *337 disease and the business of funeral directing shall be conducted." Plaintiff concedes that the requirement of Rule 36 that the branch establishment must be conducted under the charge of a licensed manager is a reasonable requirement "having to do with safeguarding the public health" but contends that the further requirement that the licensed manager "shall not be the licensed manager of any other main or branch establishment" is unreasonable, capricious and arbitrary and has no real or substantial relation to the protection of the public health.
Such rules must bear some reasonable relation to the public health, be reasonably adapted to prevent some existing or anticipated menace, and not be arbitrary or oppressive. Labash v. Board of Embalmers, etc., N.J., above; 25 Am. Jur., Health, § 21; 39 Corpus Juris Secundum, Health, § 25; cf. Abelson's, Inc., v. N.J. State Board of Optometrists, 5 N.J. 412 (1950).
The respondent argues that the questioned requirement of Rule 36 is valid because it would be hazardous to the public health to permit the operation of a branch establishment by an unlicensed person ignorant of the rudiments of disinfecting and unfamiliar with the basic principles of coping with an infectious disease. This argument wholly begs the question at issue, because the plaintiff concedes the validity of the requirement of the rule of the Board requiring that the branch establishment be conducted under the charge of a licensed manager. The plaintiff seeks a permit for a branch to be conducted under his charge and supervision. If violations of the statute occur in the conduct of the branch, the statutory penalties (R.S. 45:7-22) may be invoked and the plaintiff's license may be suspended or revoked by the board (R.S. 45:7-21) and if a violation of a valid rule or regulation of the board occurs, the plaintiff's license may be suspended or revoked by the board (R.S. 45:7-21).
No reason has been advanced by the respondent and none has been perceived by us to support a holding that the questioned provision of the rule has, in any degree or under any reasonably conceivable circumstances, an actual relation *338 to the safeguarding of the public health. Cf. Stephenson v. Binford, 287 U.S. 251, 77 L.Ed. 288 (1932).
This conclusion makes unnecessary any consideration of the other point urged by the plaintiff.
The determination of the board is reversed and the matter remanded to the board, with directions to grant the plaintiff's application.