80 N.J. Super. 366 (1963)
194 A.2d 743
JAMES KAMIENSKI, PLAINTIFF-PETITIONER,
v.
BOARD OF MORTUARY SCIENCE, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, AND ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1963.
Decided September 20, 1963.
*367 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Robert P. Gorman argued the cause for petitioner (Messrs. Clapp & Eisenberg, attorneys; Mr. Alfred C. Clapp and Mr. Robert P. Gorman, of counsel).
Mr. Raymond H. Leahy argued the cause for respondents (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Milton Diamond, of counsel).
*368 The opinion of the court was delivered by KILKENNY, J.A.D.
James Kamienski, a mortician, petitions pursuant to R.R. 4:88-10 for a declaratory judgment that Rule 81 promulgated by the State Board of Mortuary Science is invalid. He contends, (1) Rule 81 contravenes N.J.S.A. 45:7-55, and (2) this rule is unconstitutional because it is arbitrary, capricious and has no reasonable relation to the public health. Petitioner also seeks injunctive relief against the Board's enforcing its decision that he may not continue his funeral business at 515 21st Avenue, Paterson, New Jersey, after January 1, 1962. We have stayed enforcement of that decision pending the determination of this appeal.
Rule 81 provides as follows:
"Only one establishment permit shall be issued to any establishment where mortuary science is practiced, whether it be individual, partnership or corporation or any other entity. The issuance of more than one establishment permit for the same establishment where mortuary science is practiced is hereby prohibited."
The facts are not in dispute. Petitioner is duly licensed by the State to practice the business of mortuary science. Prior to 1960 he and Michael Della-Torre, also a licensed mortician, were partners in a mortuary business known as the Della-Torre-Kamienski Funeral Home at 515 21st Avenue, Paterson, N.J. Since the dissolution of that partnership in 1960, Kamienski and Della-Torre have conducted individual mortuary practices at that address, both using the facilities of the mortuary. Those facilities include separate chapels off both sides of the hallway on the first floor of the building, and a casket display room and an embalming room in the basement.
Kamienski and Della-Torre are co-owners of the aforesaid mortuary. It is their intent that Kamienski will sell his interest in the mortuary to Della-Torre and relocate his mortuary business at another Paterson site. Though Kamienski individually operates other funeral homes at 1 Essex Street, Passaic, N.J., and 106 Locust Avenue, Wallington, N.J., he *369 desires a Paterson location for the convenience of residents of that city who might engage his services. He has been trying to obtain a new, separate mortuary location in Paterson, but has not thus far succeeded. Until he can find a new location in Paterson, Kamienski wants to use, in common with Della-Torre, the mortuary at 515 21st Avenue, paying Della-Torre, who would become sole owner thereof, a rental for such usage. Della-Torre would conduct his own separate practice at the same mortuary.
The plan described above was made known to the Board and was disapproved. Petitioner was directed to relocate on or before January 1, 1962, "thus avoiding a dual operation at 515 - 21st Ave., Paterson, N.J." While not expressed in its notification to petitioner as the reason for its decision, it is now conceded that the Board's action is based solely on Rule 81 above set forth.
We consider first petitioner's contention that Rule 81 is contrary to N.J.S.A. 45:7-55 and, for that reason, invalid. That section of the statute provides:
"Every individual, partnership, or corporation which operates or maintains within this State a mortuary or which in the usual and regular course of his or its practice makes use of a mortuary owned, operated, or maintained by another shall annually apply to the board for a certificate of registration for each mortuary operated, maintained, or used by the applicant. * * * No mortuary shall be operated, maintained, or used at any location by any person, firm or corporation at any location not specified in a certificate of registration issued under this section."
It seems clear to us that Rule 81 does contravene N.J.S.A. 45:7-55 and is for that reason invalid. The Board interprets its rule to mean that two funeral directors, with separate businesses, may not use the same mortuary. Yet, the statute contemplates that a mortuary may be owned and operated by one person or firm and also used by another person or firm, and that each shall require a certificate of registration. This is made manifest by the words "Every individual [who] * * * makes use of a mortuary owned, operated, *370 or maintained by another." (Emphasis added) To "operate" a mortuary is to "use" it. Thus, N.J.S.A. 45:7-55 authorizes a use by more than one mortician.
When the rule of an administrative agency contravenes the statute which created it, the rule lacks legal efficacy. Gentzel v. Bd. of Embalmers & Funeral Directors, 9 N.J. Super. 605, 609 (Ch. Div. 1950); Abelson's Inc. v. N.J. State Board of Optometrists, 5 N.J. 412, 423-424 (1950). In fact, N.J.S.A. 45:7-38 authorizes the Board "to adopt * * * rules and regulations, not inconsistent with this entire act or any amendment or supplement which may hereafter be adopted * * *." (Emphasis added)
There is some suggestion in the record that the Board's reasons for adopting Rule 81 were to preclude the possibility of "floaters" or "fly-by-night" operators making use of a single mortuary, and to avoid difficulty in enforcing its regulations, which dual or multiple operation of a common mortuary might create. Assuming the Board's good faith, it still may not adopt a rule which contravenes the statute.
The Board also relies upon its prior consistent interpretation of N.J.S.A. 45:7-55 as justification for the rule. However, long-continued error does not make valid that which is clearly invalid. Administrative interpretation of a statute over a long period of time, without legislative change, "may be persuasive where substantial doubts as to meaning are apparent on the face of legislation," but the doctrine is not applied "where there is no such ambiguity," as in this case. Loveladies Property Owners Association, Inc. v. Barnegat City Service Co., 60 N.J. Super. 491, 504 (App. Div. 1960), certification denied 33 N.J. 118 (1960).
In view of the foregoing, we deem it unnecessary to decide petitioner's second point that Rule 81, as interpreted and applied by the Board, is unconstitutional because it is arbitrary, capricious and has no reasonable relation to the public health. Moreover, to reach a proper conclusion as to that contention, we would need more than the sparse record now before us. The only thing in the record is an ex parte letter *371 from the Executive Secretary of the Board to the Deputy Attorney General in charge of this case, that the use in common of mortuaries in New York has created "a grave problem" there. Yet, significantly, the practice is allowed in New York and neither the legislature nor the appropriate state agency there has felt any need to eliminate the practice.
The Board does not contend that this petitioner is a "floater" or "fly-by-night" operator. Rather, the evidence is to the contrary. As noted above, he owns two other funeral homes in nearby communities, and has been associated with Della-Torre at this establishment for many years. Nor is there any evidence that any real evil would ensue from the temporary dual operation during the interim while petitioner is obtaining a new location. See Labash v. Board of Embalmers, etc., N.J., 8 N.J. Super. 260 (App. Div. 1950), and Trinka Services v. State Board, etc., N.J., 40 N.J. Super. 238, 243 (Law Div. 1956).
It is our judgment that Rule 81 is invalid because it contravenes N.J.S.A. 45:7-55. We need not consider petitioner's prayer for injunctive relief since invalidation precludes enforcement of the rule.