165 N.J. Super. 235 (1979)
397 A.2d 1144
LAWRENCE FISHMAN, PLAINTIFF,
v.
ARLENE POLLACK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 8, 1979.
*236 Mr. Ronald B. Atlas for plaintiff.
Mr. William D. Bierman for defendant (Messrs. Leveen & Bierman, attorneys).
CASSIDY, J.J.D.R.C. (temporarily assigned).
This novel case deals with the interpretation of the recent statutory amendment to the Landlord-Tenant Law concerning conversion of a multi-family apartment building to a condominium.
There are no New Jersey cases directly on point.
Plaintiff Lawrence Fishman brought a summary dispossess proceeding against defendant Arlene Pollack based on three counts: (1) nonpayment of rent for April, May and June 1978; (2) as a holdover pursuant to notice to quit and (3) for willful damage and destruction.
The proofs were: in March 1978 the premises at 2185 Lemoine Avenue, Fort Lee, New Jersey, were in the process *237 of being converted into condominiums. On March 11, 1978 plaintiff purchased Apartment 7-I at those premises, as well as 7-J, the apartment he was then living in. Defendant is the tenant in 7-I and had been for many years previous to the proposed conversion. A prospectus detailing the condominium conversion was sent to both parties. This is an eight-story apartment building containing well over 100 apartments.
On March 16, 1978 plaintiff delivered a notice to quit and demand for possession to defendant, terminating defendant's month-to-month lease as of June 1, 1978. On June 2 plaintiff brought his summary dispossess action. Defendant made a motion to transfer the case to Superior Court. This was granted by order of the assignment judge dated July 6, 1978, which also directed defendant to pay plaintiff $1,365 "forthwith" and rent of $455 monthly until further order of the court. Subsequently, the case was heard before this court.
Plaintiff's first argument is based on certain case law, in particular, Bradley v. Rapp, 132 N.J. Super. 429 (App. Div. 1975), which held that a person purchasing a two-family home for the express purpose of immediately residing therein renders the premises "owner-occupied." Plaintiff contends that this ruling affords preferential treatment to owners who seek to remove a tenant in order that the purchaser may occupy the apartment for his own personal occupancy. He also cites Floral Park Tenants v. Project Holding Inc., 152 N.J. Super. 582 (Ch. Div. 1977), which held that even if literal reading of the eviction statute prohibited removal of a tenant under the facts there presented, "the spirit of the Statute must prevail." However, the Bradley case deals specifically with a two-family home. Bradley is not applicable because this conversion covers an apartment building with many more units than a two-family dwelling.
The legal rights of the tenant who is already living in the apartment house are controlled, when conversion *238 occurs, by the provisions of the statute, N.J.S.A. 2A:18-61.1 et seq. The provisions of this act, referred to as the Eviction for Cause Law, must be followed. The next contentions are based on this law.
Plaintiff claims that he offered defendant "comparable housing," thus complying with N.J.S.A. 2A:18-61.11, and that defendant refused same. The parties' testimony at trial was contradictory as to whether the housing offered was "comparable." However, even if plaintiff's version is to be accepted, this part of the Act does not help his case. N.J.S.A. 2A:18-61.11 reads in pertinent part:
Tenants receiving notice * * * may request of the landlord within 18 full months after receipt of such notice, and the landlord shall offer to the tenant, personally or through an agent, the rental of comparable housing and a reasonable opportunity to examine and rent such comparable housing.
This section comes into play by virtue of N.J.S.A. 2A:18-61.1(k) and 2A:18-61.2(g), which deal with eviction under condominium conversions. With certain enumerated exceptions, they provide for three years' notice prior to the institution of action for possession. Defendant-tenant here did not request comparable housing, as she was permitted to do under N.J.S.A. 2A:18-61.11. That was an option which she chose not to take. This court finds based on all the evidence presented, that the three-year notice period in this case is mandatory.
Plaintiff then claims that an exception, namely N.J.S.A. 2A:18-61.1(l)(3), is applicable. This section establishes as a ground for good cause:
The owner of a building of three residential units or less seeks to personally occupy a unit, or has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing.
*239 The court finds that this section does not apply to the situation at bar, i.e., conversion of an apartment building to a condominium. Furthermore, there was no evidence to suggest that there existed the necessary contract for sale calling for the unit to be vacant at time of closing.
Plaintiff further contends that the essence of the Eviction for Cause Law is to insure that tenants in converted buildings are not left without comparable housing. However, the court finds this to be only one part of the law. It is even clearer that the law, as set out in N.J.S.A. 2A:18-61.2(g), is concerned with giving a tenant in possession prior to conversion, a minimum of three years in which to find sufficient new housing. The offering statement setting forth details of the conversion was sent to the tenants of the premises involved herein. The statement advised tenants in possession prior to conversion that they had three years to remain in possession. In addition, this statement contained a warning to prospective buyers (such as plaintiff) to make inquiry about the possible rights of tenants in possession and about any obligations imposed on those who would become the landlord. Plaintiff admits that he was put on notice that the sale of the unit was subject to the rights of tenants in possession prior to the conversion, but claims that his right as an owner to personally occupy the premises, after offering the tenant comparable housing and then removing the tenant, is consistent with the tenants' rights under the statute. The court does not agree that these rights are consistent in the context of the facts involved here. Rather, it appears to this court, as it did to defendant, that the purchase from a sponsor of a condominium should not allow a new landlord to circumvent the protections given to the tenant by the statute simply by the new landlord claiming he wants to use the apartment personally. To rule otherwise would in effect allow the landlord to do indirectly what he can not do directly. The court finds that this statute is not unreasonable or arbitrary, and adequately carries out the *240 objective of protecting the tenant's right to find adequate new housing in the face of conversion.
Based on all of the facts, evidence and arguments presented, the court finds judgment in favor of defendant. The court finds insufficient evidence to support the charge of willful damage and destruction. All back rent shall be paid to plaintiff within 20 days of entry of Judgment.