Juanita **CHENAULT**, Appellant,

v.

**KENTUCKY STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS**, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1982.

R. Michael Grant, Grant, Rose, Pumphrey & McCready, Winchester, for appellant.

Steven L. Beshear, Atty. Gen., John Stephen Kirby, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and WHITE and WILHOIT, JJ.

HAYES, Chief Judge:

The sole issue raised in this appeal is the constitutionality of KRS 316.020(2) and KRS 316.150(1)(f), statutes regulating the profession of embalming and funeral directing. The trial judge concluded that the statutes bear a reasonable relationship to a legitimate legislative purpose and declared the statutes constitutional. We find no error in that determination.

The facts of the case were stipulated to the trial judge. Appellant Juanita Chenault is a licensed embalmer and funeral director. She owns and operates Haggard and Sons Funeral Home in Winchester, Kentucky, along with a branch establishment in Mt. Sterling. Juanita Chenault is the only licensed embalmer and funeral director at these two establishments.

KRS 316.020(2) requires that, "Each establishment devoted to the care, preparation or disposal of dead human bodies must be under the direct and constant supervision of a licensed embalmer and licensed funeral director, having Kentucky licenses in full force and effect." It is cause for suspension, revocation, or refusal to issue or renew a license of an embalmer and funeral director that he or she operates a branch establishment "without a licensed embalmer and funeral director in complete charge who devotes his or her sole time to the management and affairs of the branch establishment and who is subject to call at all times in the section where the branch is located." KRS 316.150(1)(f).

After receiving notification from the secretary of the Kentucky State Board of Embalmers and Funeral Directors that her license was subject to revocation or suspension for violation of KRS 316.020(2) and KRS 316.150(1)(f), appellant filed this action seeking a declaration that the statutes are unconstitutional. The trial judge concluded that the Commonwealth has a legitimate interest in providing for the respectable and orderly disposition of cadavers and that the statutes enacted by the legislature are reasonably related to the attainment of that objective.

Appellant admits in her brief that the profession of embalming and funeral directing affects the public health, safety and welfare and is therefore amenable to state regulation. She argues, however, that to require each branch to have a full-time licensed embalmer and funeral director is not rationally related to any permissible government purpose. Because the volume of business at her two establishments is relatively small, appellant asserts that one licensed person can easily supervise both locations without in any way endangering the public health and safety. In support of her contention, appellant cites *Labash v. Board of Embalmers and Funeral Directors*, 12 N.J.Super. 334, 79 A.2d 693 (1951), in

which the Superior Court of New Jersey struck down an administrative regulation which required each branch establishment to have a licensed manager who is not the manager of any other branch. The New Jersey court reasoned that a licensed person could supervise the work at more than one location and determined that the regulation had no "actual relation to the safeguarding of the public health". 79 A.2d at 694.

Other jurisdictions which have considered this question, however, have not reached the same conclusion with regard to similar statutes and regulations. In *Grime v. Department of Public Instruction,* 324 Pa. 371, 188 A. 337 (1936), the court made the following observation:

> The act's purpose is to prevent the use of one license for several establishments, to protect the public from the lack of skill of unlicensed operators acting under the nominal supervision of licensed undertakers. It is true that in some cases the licensee might be able to give full and complete attention to the conduct of the business of branch offices, but it is also possible to conceive that such supervision might, if too widely extended and diffused, be impracticable. This possibility is sufficient to render the practice dangerous. It is not an unreasonable and arbitrary exercise of the police power to require that each undertaking establishment be personally conducted by a licensed undertaker. It is not a question here of prohibiting the mere ownership of two establishments by one person; the question is whether or not one person may conduct and operate two or more subsidiary branches . . . .
>
> Although such branch offices may be conducted in some instances without injury to the public health, the business is replete with possibilities for the evasion of the licensing provisions or conduct thereunder. The Legislature is acting within its power in prohibiting it. A thing not in itself injurious may nevertheless fall under the ban of legislative prohibition because it affords opportunities for the frustration of a purpose well within the admitted governmental power. 188 A. at 342.

We are persuaded that the latter approach is sound. In our opinion, the legislation is rationally related to a legitimate purpose—insuring that human remains are disposed of in an acceptable and sanitary manner. That appellant may be able to adequately supervise both her establishments is an insufficient basis for rendering otherwise valid legislation unconstitutional.

We believe the trial judge correctly concluded that it is not unreasonable to require an expert on care and treatment of dead bodies to be present when cadavers are brought to an establishment for final preparation. As there is no way to predict when death will occur it is constitutionally permissible to expect a licensed embalmer and funeral director to be constantly available to a funeral home awaiting the arrival of deceased humans. The trial judge properly noted that the fact that bodies might not arrive very often does not outweigh the resulting benefit in having a licensed funeral director available.

The judgment of the Clark Circuit Court is affirmed.

All concur.

**J.E.H. and B.W.H., Appellants,**