244 N.J. Super. 366 (1990)
582 A.2d 840
SIBIG & CO., PLAINTIFF-APPELLANT,
v.
JULIA SANTOS, DEFENDANT-RESPONDENT.
SIBIG & CO., PLAINTIFF-APPELLANT,
v.
GIRARD ROSELER, IMPROPERLY IMPLEADED AS GIRARD ROSSLER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 31, 1990.
Decided November 21, 1990.
*367 Before Judges KING, R.S. COHEN and STERN.
Ronald C. Goldfarb, attorney for appellant.
No briefs were filed on behalf of respondents.
The opinion of the court was delivered by R.S. COHEN, J.A.D.
These are two consolidated Special Civil Part summary eviction actions brought by the successor of a condominium converter against two tenants. The court dismissed the actions on the ground that the demand and notice required by N.J.S.A. 2A:18-61.2g were not given. On the owner's appeal, we affirm.
The statute requires the landlord to make "written demand and ... notice for delivery of possession of the premises." In *368 the case of tenancies that existed before a condominium conversion, there must be "3 years' notice prior to the institution of action," unless there is a longer lease. The notice must give, not three years' notice of commencement of the eviction action, but three years' "notice for delivery of possession of the premises." In other words, the tenant must be given a date, not sooner than three years, on which the tenancy will end and possession must be surrendered.
The notice to the tenants in this case (not the creation of present counsel) did not tell them when their tenancies ended and they had to leave. Instead, it told them that three years from the date of the notice "we intend to commence summary dispossess proceedings ... so that we can obtain possession of your apartment...."
The defect in the notice is that it failed to advise the tenants when they had to get out, when their rent-paying obligation ended, what they had to do to avoid a lawsuit and when they had to do it. Cf. Fishman v. Pollack, 165 N.J. Super. 235, 237, 397 A.2d 1144 (Law Div. 1979). There was nothing in the other documents given the tenants in 1986 that gave them that information.
The removal of an apartment from the rental market in a condominium conversion is a process that the Legislature has recognized creates a host of problems for tenants of all kinds. It enacted detailed legislation designed to protect the aged, the handicapped, people of limited means and those unable to find comparable housing. See N.J.S.A. 2A:18-61.22 et seq. (Senior Citizens and Disabled Protected Tenancy Act); 2A:18-61.11. The law requires a notice be given to all tenants spelling out their rights in every material detail. See Smith New Jersey Condominium Law, § 13.4, pp. 225-236 (1990). Exactly when the tenancy terminates is a matter the Legislature reasonably concluded the tenant needed to know. The sole meaningful way to enforce the tenants' rights in that respect is to make the owner's right to evict depend on it.
*369 The Special Civil Part did no more than to fulfill the legislative mandate.
Affirmed.