led the grand jury to believe an innocent person was being accused.

Affirmed.

634 A.2d 582

ASPEP CORPORATION, PLAINTIFF, v. FRANCISCO
AND VIRGINIA GIUCA, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided July 9, 1993.

*Marie Cinque* for plaintiff (*Diktas & Habeeb,* attorneys).

*Robert C. Auriemma* for defendant (*Robert C. Auriemma,* attorney).

KOBLITZ, J.S.C.

Plaintiff Aspep Corporation brings this summary dispossess action under the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1(g)(2), seeking to evict the defendant in order to correct a code violation. The case involves an issue which our courts have not yet addressed, namely, whether non-compliance with the notice require-

ment of *N.J.A.C.* 5:11–7.1 to –7.5 (promulgated under the Relocation Act) results in a failure to satisfy the notice requirements of the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 to –61.12. The following facts relate to the jurisdictional issue of the sufficiency of the notice to quit.

Defendants Francisco and Virginia Giuca reside in plaintiff's building in Cliffside Park under an oral month-to-month agreement. On September 30, 1992, the construction code official of the Borough of Cliffside Park served plaintiff with a notice of violation and order to terminate citing violations of the building code standards, enumerated in *N.J.A.C.* 5:23–2.4, which were not the fault of the tenant. The notice requires plaintiff to bring the building into compliance with the code.

On October 30, 1992, plaintiff served defendants with a three months' notice to quit which establishes the landlord-tenant relationship. Paragraph 3 of the notice also provides the reason for termination:

The landlord/owner of the property seeks to comply with local housing inspectors who have cited him for substantial violations affecting the health and safety of tenants and it is unfeasible to so comply without removing the tenants. (*N.J.S.A.* 2A:18–61.1(g)(2)).

Plaintiff attached a copy of the notice of violation and order to terminate to its notice.

On November 24, 1992, plaintiff sent a follow-up letter to defendants which reiterated the previous notice's reason for terminating the lease. On March 12, 1993, plaintiff served another notice which contained statements as required by *N.J.A.C.* 5:11–7.2(b), but did not provide a new date of termination.

The Commissioner of the Department of Community Affairs (DCA) promulgated *N.J.A.C.* 5:11–7.1 to 7.5 under a grant of authority from the Relocation Act, *N.J.S.A.* 20:4–10(b). Subsection 7.1(a) provides that a notice to quit must contain the following statement:

I AM ASKING YOU TO MOVE BECAUSE OF GOVERNMENT ACTION. YOU MAY BE ELIGIBLE FOR FINANCIAL AND OTHER BENEFITS UNDER THE RELOCATION ASSISTANCE AND RESIDENTIAL EVICTION

○

ACTS (*N.J.S.A.* 52:31B–1 et seq., *N.J.S.A.* 20:4–1 et seq., and *N.J.S.A.* 2A:18–61.1 et seq.). YOU MAY CALL THE RELOCATION OFFICE AT (giving the accurate address and the telephone number of the person responsible for relocation in this area).

Additionally, Subsection 7.2(b) requires that a notice to quit, under the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1g(2), must contain the following statements:

I MUST GIVE YOU THIS NOTICE BECAUSE I PLAN TO SEEK EVICTION UNDER THE RESIDENTIAL EVICTION LAW (*N.J.S.A.* 2A:18–61.1) AND THE REGULATIONS OF THE DEPARTMENT OF COMMUNITY AFFAIRS. THE CAUSE FOR WHICH I WANT YOU TO LEAVE IS:

g(2) THAT I WANT TO COMPLY WITH LOCAL OR STATE HOUSING INSPECTORS WHO HAVE CITED ME FOR SUBSTANTIAL VIOLATIONS AND IT IS UNFEASIBLE TO COMPLY WITHOUT REMOVING THE TENANTS. THE PROCEDURE WHICH IS FOLLOWED ONCE YOU HAVE RECEIVED THIS NOTICE FROM ME IS FOR THE DEPARTMENT OF COMMUNITY AFFAIRS TO UNDERTAKE AN INVESTIGATION OF THIS CAUSE FOR EVICTION TO FIND OUT IF IT IS JUSTIFIED BY THE VIOLATIONS OR CIRCUMSTANCES. THE DEPARTMENT OF COMMUNITY AFFAIRS WILL INFORM THE TENANTS AND THE ..... (fill in the name of local inspection agency), OF MY EFFORTS TO TRY TO EVICT YOU. THE DEPARTMENT WILL ASK FOR THEIR WRITTEN COMMENTS AND PREPARE A RECOMMENDATION WHICH WILL BE FORWARDED TO THE DISTRICT COURT WHICH WILL CONDUCT ANY EVICTION PROCEEDINGS, AS WELL AS TO THE ...... (fill in the name of the local inspection agency), THE OWNER AND THE TENANTS. IF THE DEPARTMENT OF COMMUNITY AFFAIRS DECIDES THAT EVICTION FOR THE CAUSE STATED ABOVE IS JUSTIFIED, THE ...... (fill in the name of the local inspection agency), WILL BEGIN PROVIDING FINANCIAL AND OTHER RELOCATION ASSISTANCE AS PROVIDED UNDER THE RELOCATION AND EVICTION LAWS. (*N.J.S.A.* 52:31B–1 et seq., *N.J.S.A.* 20:4–1 et seq., and *N.J.S.A.* 2A:18–61.1 et seq.) IF THE DEPARTMENT OF COMMUNITY AFFAIRS DECIDES THAT EVICTION IS NOT JUSTIFIED, I AM STILL ENTITLED TO TRY TO EVICT YOU IN THE COURTS 90 DAYS AFTER THE DATE OF THIS NOTICE. IF YOU RECEIVE A SUMMONS TO APPEAR IN COURT AND FAIL TO APPEAR YOU ARE LIKELY TO LOSE YOUR CASE BECAUSE YOU AREN'T THERE. HOWEVER, IN NO CASE CAN THE JUDGE EVICT YOU AND ISSUE A WARRANT FOR POSSESSION UNLESS THE RELOCATION LAWS HAVE BEEN COMPLIED WITH.

The Anti–Eviction Act, *N.J.S.A.* 2A:18–61.2, provides that a notice "shall specify in detail the cause of the termination of the tenancy." In code violation cases, such as this one, subsection (c) requires that the landlord serve the notice at least three months before the termination date.

■ All notices to quit must strictly comply with the statutory provisions of the Anti–Eviction Act. Even substantial compliance, without prejudice to defendants and without offense to public policy, does not render the notice to quit effective. *Sacks Realty Co. v. Batch*, 248 *N.J.Super.* 424, 426, 591 *A.*2d 660 (App.Div.1991). Determining strict compliance with the Act has often required our courts to define the "specify in detail" requirement of *N.J.S.A.* 2A:18–61.2. *See, e.g., Harry's Village, Inc. v. Egg Harbor Tp.*, 89 *N.J.* 576, 446 *A.*2d 862 (1982) (notice to quit must state the reason for termination, that the parties are landlord and tenant, that the premises are to be vacated on a certain date, and that the right to possession terminates on that date); *Carteret Properties v. Variety Donuts, Inc.*, 49 *N.J.* 116, 228 *A.*2d 674 (1967) (notice to quit cannot merely state a legal conclusion; it must contain particularization or explicit detailed statement); and *Sibig & Co. v. Santos*, 244 *N.J.Super.* 366, 582 *A.*2d 840 (App.Div.1990) (notice to quit, in condominium conversion, was defective because it failed to advise tenants of termination date, when rental obligation ended and what tenants had to do to avoid a lawsuit). As of yet, however, our courts have not defined the "specify in detail" requirement as it applies to code violation summary dispossess proceedings brought pursuant to *N.J.S.A.* 2A:18–61.1(g). More specifically, our courts have not yet decided whether compliance with DCA's notice requirement is necessary to satisfy the Anti–Eviction Act's notice requirements.[1]

■ The Legislature's purpose in requiring landlords to specify in detail the cause for termination is, in part, to allow tenants an adequate opportunity to prepare a defense before trial. The Legislature has also recognized a tenant's general right to know as much as possible about any eviction proceeding brought against him or her. The Legislature, thus, requires a landlord to specify in detail the cause for termination and the procedures that must

---

[1] *Floral Park Tenants v. Project Holding, Inc.*, 152 *N.J.Super.* 582, 378 *A.*2d 266 (Ch.Div.1977), held that the Anti–Eviction Act, Relocation Act, and Relocation Assistance Act did not apply when a tenant is only temporarily displaced.

follow. In condominium/co-op conversion proceedings, for example, the Legislature itself has provided some of the specific statements that a notice to quit must contain. *See N.J.S.A. 2A:18–61.27. See also 809–811 Washington St. v. Grego*, 253 *N.J.Super.* 34, 600 *A.*2d 1222 (App.Div.1992) (landlord's notice of intention to convert to condominium must comply with *N.J.A.C.* 5:24–1.4, where the Anti–Eviction Act specifically authorizes DCA to promulgate regulations regarding conversions. *N.J.S.A.* 2A:18–61.12).

 In a code violation case, such as this one, if the landlord does not provide adequate notice, the tenant does not know that he or she may have a defense to the eviction, or at the very least, that he or she can stay the warrant for possession until the landlord or DCA complies with the applicable statutory and regulatory requirements. *N.J.S.A.* 2A:18–61.1(g). A tenant must therefore be informed that he or she can assert a defense and the grounds for that defense.

DCA's notice requirement also minimizes the shock and confusion that results from receiving a notice to quit. It reassures the tenant in the same document in which the tenant is told he or she must vacate the premises that he or she is not at fault, that DCA will become involved in the proceedings and that DCA may provide relocation assistance. It provides the statutory grounds (Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 to –61.12, the Relocation Assistance Act, *N.J.S.A.* 52:31B–1 to –12 and the Relocation Act, *N.J.S.A.* 20:4–1 to –22) for the eviction. It also provides the procedures the landlord and DCA must follow and provides an address for the local DCA office which a tenant can contact. A specified notice therefore strongly suggests to the tenant that the landlord is not acting arbitrarily and lets the tenant know that he or she can call DCA about the eviction proceeding to learn more about his or her rights.

 To ensure that a tenant receives the full benefit of his or her right to prepare a defense and right to know about the proceeding, a tenant must receive the notice a full three months

before trial even begins. *See Harry's Village, Inc., supra,* 89 *N.J.* at 585–86, 446 *A.*2d 862; *Carteret Properties, supra,* 49 *N.J.* at 124, 228 *A.*2d 674; and *Sibig & Co., supra,* 244 *N.J.Super.* at 368, 582 *A.*2d 840. Conditioning trial on full satisfaction of the notice requirement ensures that a tenant receive these rights. *See Sibig & Co., supra,* 244 *N.J.Super.* at 368, 582 *A.*2d 840 (the "sole meaningful way to enforce the tenants' rights in that respect is to make the owner's right to evict depend on it").

■ *N.J.A.C.* 5:11–7.1 to –7.5, as a regulation duly promulgated and adopted in pursuance of properly delegated authority, has the force and effect of law. 73 *C.J.S. Public Admin.Law and Procedure* § 108 (1983). *Cf. Kamienski v. Bd. of Mortuary Science,* 80 *N.J.Super.* 366, 194 *A.*2d 743 (App.Div.1963) (administrative rule which contravened statute was void).[2] The court therefore reads DCA's notice requirements together with the Anti–Eviction Act's notice requirements.[3] To hold otherwise not only ignores DCA's expertise and accomplishments, *see Schwerman Trucking v. Dept. of Env. Protection,* 125 *N.J.Super.* 14, 308 *A.*2d 353 (App.Div. 1973), but also defeats the Legislature's intention to give tenants an adequate opportunity to defend themselves, to allow DCA time to provide relocation assistance where necessary, and to provide tenants with accurate information regarding the eviction well before trial. DCA's notice provisions merely add meaning and force to the Anti–Eviction Act.

■ As valid regulations promoting the legislative purposes discussed above, *N.J.A.C.* 5:11–7.1(a) and 7.2(b) are incorporated

---

[2] In *Haddock v. Passaic Community Development Dept.,* 217 *N.J.Super.* 592, 526 *A.*2d 725 (App.Div.1987), the Appellate Division found that the court need only give "some weight" to an agency's finding subsequent to an adjudicatory hearing involving one particular defendant. Here, the question involves the weight to be given regulations promulgated by the agency.

[3] DCA clearly intended to supplement the Legislature's notice requirements as its regulation incorporates and explains the ninety-days' notice requirement of the Anti–Eviction Act.

into the "specify in detail" requirement of the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.2. A notice to quit served pursuant to a code violation under *N.J.S.A.* 2A:18–61.1(g) will therefore satisfy the "specify in detail" requirement of the Act, *N.J.S.A.* 2A:18–61.2g(2), only if it complies with DCA's notice requirements, *N.J.A.C.* 5:11–7.1(a) and 7.2(b).

In this case, plaintiff's first two notices do not comply with *N.J.A.C.* 5:11–7.1(a) and 7.2(b) and thus they both fail to satisfy the Anti–Eviction Act. Plaintiff's third notice also fails because it does not provide three months' notice as required by *N.J.S.A.* 2A:18–61.2(c) and is not a part of the original notice to quit as required by the regulations. Because plaintiff has not strictly complied with the statutory notice requirements, the court does not have jurisdiction and will therefore dismiss the complaint.