210 N.J. Super. 146 (1986)
509 A.2d 262
GEORGIA KING ASSOCIATES, PLAINTIFF-APPELLANT,
v.
RENEE FRAISER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 19, 1986.
Decided May 16, 1986.
*147 Before Judges KING, O'BRIEN and SIMPSON.
Jeffrey R. Kuschner, attorney for appellant.
Respondent did not file a brief.
The opinion of the court was delivered by O'BRIEN, J.A.D.
This is an appeal by plaintiff landlord (landlord) from dismissal of its complaint seeking to summarily dispossess a tenant because of her conduct. We affirm.
At issue is a perceived inconsistency in the grounds for removal of residential tenants under N.J.S.A. 2A:18-61.1. The landlord offered the following version of the facts, which the trial judge accepted. The tenant had gone to the office to disagree with a newly implemented parking policy. In refusing to accept the explanations given, she became loud, abusive and obnoxious. She refused to allow the chairman of landlord's board of trustees to get away from her. Finally she struck the chairman, causing severe bleeding which required emergency treatment at a nearby hospital.
The incident occurred on April 16, 1985, but a notice to quit was not served on defendant tenant until May 15, 1985, demanding possession on May 21, 1985. No evidence was presented that the tenant had been served with a written notice to cease as required by N.J.S.A. 2A:18-61.1, before service of the written notice to quit and demand for possession served pursuant to N.J.S.A. 2A:18-61.2.
Although the trial judge expressed sympathy for the landlord, she concluded the ground for removal of defendant tenant was disorderly conduct which, under N.J.S.A. 2A:18-61.1b, requires that a written notice to cease be first given to the tenant. The landlord argues that the statute is inconsistent because it *148 permits the landlord to give three days notice to quit and demand for possession to a tenant who has "willfully or by reason of gross negligence caused or allowed destruction, damage, or injury to the premises" under N.J.S.A. 2A:18-61.1c, without any prior notice to cease; but if the same tenant willfully, or by reason of gross negligence, causes personal injury to the landlord or his employees, the tenant is entitled to written notice to cease before being served with notice to quit and demand for possession. As the landlord points out, the tenant may shoot, cut, or in other manner maim the landlord or his employees, but still be entitled to a written notice to cease, whereas a tenant causing destruction, damage or injury to the premises is not entitled to such written notice to cease. Although our research has not revealed any reported decisions precisely dealing with this question, the trial judge observed that she had heard of such cases which reached the same result as she did in this case.
We recognize the seeming inconsistency in the two sections of the statute and agree that personal injury to the landlord or his employee may be far more serious than destruction, damage or injury to the premises. However, the legislation is clear, and the inconsistency is a matter for legislative, rather than judicial action.
N.J.S.A. 2A:18-61.1 came into being by L. 1974, c. 49, § 2. Section 1 of that legislation amended N.J.S.A. 2A:18-53, to eliminate from its provisions residential lessees and tenants included in § 2 of the act (which is N.J.S.A. 2A:18-61.1.) The latter applies to any lessee or tenant, or the assigns, undertenants or legal representatives of such lessee or tenant, of any house, building, mobile home or land in a mobile-home part or tenement leased for residential purposes, "other than owner-occupied premises with not more than two rental units, or a hotel, motel, or other guest house or part thereof rented to a transient guest or seasonal tenant."
*149 Since the exception did not apply in this case, the anti-eviction legislation became applicable. We further note the inconsistency between N.J.S.A. 2A:18-53c(1), which provides that a tenant may be removed where such person "shall be so disorderly as to destroy the peace and quiet of the landlord or the other tenants or occupants living in said house or the neighborhood," [emphasis supplied] whereas, N.J.S.A. 2A:18-61.1b only authorizes such removal where "[t]he person has continued to be, after written notice to cease, so disorderly as to destroy the peace and quiet of the occupants or other tenants living in said house or neighborhood." As the landlord points out in this case, the conduct of defendant tenant occurred in an area where it probably did not "destroy the peace and quiet of the occupants or other tenants living in said house or neighborhood." However, "the landlord" in N.J.S.A. 2A:18-53c was included only recently by L. 1966, c. 319, § 1. Prior to that amendment, N.J.S.A. 2A:18-53c(1) was substantially the same as N.J.S.A. 2A:18-61b, except for the requirement of first giving a written notice to cease.
There are undoubtedly many good reasons why even a disorderly tenant should be given written notice to cease before being subject to removal on three days notice. In colloquy with the trial judge, the attorney for the landlord envisioned the unusual case of manifestly egregious conduct by a tenant, such as shooting, cutting, or otherwise maiming the landlord or his employee and the potential consequences of requiring that such tenant be first given a notice to cease before being subject to removal. Perhaps such egregious circumstances should be addressed by the Legislature. However, those cases are probably the exception rather than the rule. For example, we note in this case, notwithstanding that the event occurred on April 16, 1985, 30 days passed before the notice to quit and demand for possession was served on the tenant. If the circumstances were as serious as envisioned by the landlord, a prompt written notice to cease could have been served on the tenant on April 17, 1985, so that any further disorderly conduct on her part *150 would have subjected her to summary dispossession on three days notice. We agree with Judge Simon that the language of the statute is clear and is not such as to afford the landlord relief in the absence of additional disorderly conduct after service of a written notice to cease.
Affirmed.