248 N.J. Super. 424 (1991)
591 A.2d 660
SACKS REALTY CO., PLAINTIFF-APPELLANT,
v.
LOREEN BATCH, ANN THEODORE, GERARD MONTERA, JOSEPHINE LOMBARDI, TILLIE HARRISON, JOHN GOGARTY, AND CHRISTOS CHARLAMBOUS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 14, 1991.
Decided May 28, 1991.
*425 Before Judges PRESSLER, BAIME and A.M. STEIN.
John J. Curley argued the cause for appellant (Lepis, Lepis & Curley, attorneys).
Respondents did not file a brief.
PER CURIAM.
Plaintiff landlord, Sacks Realty Co., brought this summary dispossess action seeking to evict the last seven tenants of its 22-unit apartment house, which it seeks permanently to retire from residential use. N.J.S.A. 2A:18-61.1(h). It appeals from the judgment of the Special Civil Part, whose opinion is reported at 235 N.J. Super. 269, 561 A.2d 1216 (Law Div. 1989), dismissing its complaints.
We affirm on the narrow ground of plaintiff's failure timely to comply with the requirements of N.J.S.A. 2A:18-61.1c and -61.1d, which require an owner of rental residential premises intending to dispossess tenants because of retirement from residential use to so notify, respectively, the Department of Community Affairs (DCA) and the local rent leveling board within five days of the date of giving notice of termination to the tenant. Plaintiff gave notice of termination to the tenants here in June 1987 demanding possession of the demised premises at the end of December 1988. These notices were intended to comply with the 18-month notice period prescribed by N.J.S.A. 2A:18-61.2(d). Plaintiff then instituted dispossess actions against the seven remaining tenants in January 1989. It sent *426 the required notices to DCA and the rent levelling board on the day it filed the complaints, some nineteen months after the prescribed period.
We reject plaintiff's argument that since the tenants were not prejudiced and public policy was not offended by the late notice, it should be deemed in substantial compliance. The fact remains that in recent years, and certainly since the adoption of the Anti-Eviction Act in 1974, N.J.S.A. 2A:18-61.1 et seq., enacted by L. 1974, c. 49, the courts have been insistent upon the landlord's punctilious compliance with all statutory eviction procedures. See, e.g., RWB Newton Associations v. Gunn, 224 N.J. Super. 704, 709, 541 A.2d 280 (App.Div. 1988); Georgia King Associates v. Fraiser, 210 N.J. Super. 146, 509 A.2d 262 (App.Div. 1986); Kroll Realty, Inc. v. Fuentes, 163 N.J. Super. 23, 394 A.2d 140 (App.Div. 1978). We do not regard mandatory notices to governmental agencies filed 19 months late as meeting this strict standard of compliance, and we see no reason for exempting these notices from that standard.
The judgment appealed from is affirmed.