263 N.J. Super. 561 (1993)
623 A.2d 318
HOUSING AUTHORITY OF THE CITY OF WILDWOOD, PLAINTIFF,
v.
STACEY WILLIAMS, DEFENDANT.
Superior Court of New Jersey, Law Division Special Civil Part, Landlord/Tenant Cape May County.
Decided February 11, 1993.
*562 Frank L. Corrado for plaintiff (Barry & Corrado, attorneys).
Charlotte Hollander for defendant (Cape-Atlantic Legal Services).
*563 WINKELSTEIN, J.S.C.
In this case the court is asked to interpret a provision of N.J.S.A. 2A:18-61.1, the Anti-Eviction Act (the Act). The issue presented is whether a tenant who has plead guilty to conspiracy to distribute a controlled dangerous substance is subject to N.J.S.A. 2A:18-61.1(n), which establishes the following grounds as good cause for eviction:
The person has been convicted of or pleaded guilty to, or if a juvenile, has been adjudicated delinquent on the basis of an act which if committed by an adult would constitute an offense under the `Comprehensive Drug Reform Act of 1987,' N.J.S. 2C:35-1 et al. involving the use, possession, manufacture, dispensing or distribution of a controlled dangerous substance, controlled dangerous substance analog or drug paraphernalia within the meaning of that act within or upon the leased premises or the building or complex of buildings and land appurtenant thereto, or the mobile home park, in which those premises are located, and has not in connection with his sentence for that offense either (1) successfully completed or (2) been admitted to and continued upon probation while completing, a drug rehabilitation program pursuant to N.J.S. 2C:35-14; or, being the tenant or lessee of such leased premises, knowingly harbors therein a person who has been so convicted or has so pleaded, or otherwise permits such a person to occupy those premises for residential purposes, whether continuously or intermittently, except that this subsection shall not apply to a person who harbors or permits a juvenile to occupy the premises if the juvenile has been adjudicated delinquent upon the basis of an act which if committed by an adult would constitute the offense of use or possession under the said act.
The facts are not in dispute. Defendant, a tenant at Commissioner's Court, an apartment operated by plaintiff Wildwood Housing Authority, pleaded guilty on August 3, 1992, to conspiracy to distribute a controlled dangerous substance, marijuana, an offense of the fourth degree. Plaintiff filed a complaint to remove the tenant under the aforementioned provision of the Act.[1] Defendant argues that since she did not plead guilty to an offense under the Comprehensive Drug Reform Act of 1987, but rather to conspiracy, which is a separate offense under *564 N.J.S.A. 2C:5-2, the aforementioned provision of the Anti-Eviction Act is not applicable. For the following reasons it is concluded that a conviction for conspiracy to distribute a controlled dangerous substance is not a violation of 2A:18-61.1(n), and therefore does not constitute good cause for removal.
N.J.S.A. 2A:18-61.1 was enacted to protect residential tenants from the effects of what had become a critical housing shortage. Montgomery Gateway East I v. Herrera, 261 N.J. Super. 235, 241, 618 A.2d 865 (App.Div. 1992). It is remedial legislation expressing a strong public policy, to be construed liberally to advance its beneficial ends of protecting residential tenancies so that no tenant may be removed from premises leased for residential purposes unless good cause is established. Ibid., citing A.P. Development Corp. v. Band, 113 N.J. 485, 492-493, 550 A.2d 1220 (1988). Thus, the Act must be read in such a manner as to protect residential tenancies by limiting removal from the premises only upon reasonable grounds, which must be clearly set forth.
The pertinent provision of the Act calls for removal only if the tenant has been convicted of or pleaded guilty to an offense under the Comprehensive Drug Reform Act of 1987. The offense must involve the use, possession, manufacture, dispensing or distribution of a controlled dangerous substance in or upon the leased premises.
In the case before the court plaintiff pleaded guilty to conspiracy to distribute drugs. This is a violation of N.J.S.A. 2C:5-2, not N.J.S.A. 2C:35-1 et seq. The crime of conspiracy is a separate and distinct crime from the substantive offense involved in it. State v. Maddox, 153 N.J. Super. 201, 211, 379 A.2d 460 (App.Div. 1977). Under the plain language of the statute, therefore, plaintiff has not pleaded guilty to an offense under the Comprehensive Drug Reform Act.
In State in Interest of W.M., 237 N.J. Super. 111, 567 A.2d 217 (App.Div. 1989), the court had to determine if a juvenile, adjudicated delinquent based on conduct which if committed by *565 an adult would have constituted a conspiracy to distribute cocaine, required the imposition of mandatory penalties under the Comprehensive Drug Reform Act, N.J.S.A. 2C:35-1 et seq. The penalties included a $1,000 Demand Reduction (DEDR) penalty, N.J.S.A. 2C:35-15, a six month postponement of driving privileges, N.J.S.A. 2C:35-16, and a $25 forensic laboratory fee, N.J.S.A. 2C:35-20. In deciding the statutory challenge the court concluded that the penalties in question were not applicable to convictions for conspiracy, since conspiracy was not an offense found under the provision of either N.J.S.A. 2C:35-1 or N.J.S.A. 2C:36-1. The court stated the following:
We believe that had the Legislature intended to include conspiracy under the Comprehensive Drug Reform Act, it would have explicitly done so. The mere fact that the object of the conspiracy is a crime under the act, or that the conspiracy is graded in accordance with the grading for the Chapter 35 crime, is insufficient to support the theory that a mere conspiracy alone constitutes an offense under Chapter 35 (or 36), compelling the imposition of the mandatory penalties under the act.

Interest of W.M., supra, 237 N.J. Super. at 117-118, 567 A.2d 217.
In other words, it was concluded that since the plain language of the drug acts did not include the offense of conspiracy, the imposition of mandatory penalties which required a conviction for the substantive offenses was not appropriate.
A similar analysis may be applied in the instant case. It is clear that a penal statute should be strictly construed and cannot be extended by implication. State v. Valentin, 105 N.J. 14, 17, 519 A.2d 322 (1987). It allows ordinary people to understand what conduct is prohibited. Id. at 18, 519 A.2d 322. The Anti-Eviction Act should be construed in a like manner so as to allow a tenant to understand what the consequences may be as a result of his or her actions while residing in the leased premises. A tenant is entitled to fair warning of what will constitute grounds for removal.
The Act must be read in a manner which will give effect to the legislative purpose behind it, which is to protect residential tenancies. A.P. Development v. Band, supra, 113 N.J. at 492, 550 A.2d 1220. Had the Legislature intended to include *566 conspiracy to commit a drug offense as a basis for eviction under subsection (n) of the Act, it clearly could have so stated. Under the expressio unius doctrine, it is generally held that where the Legislature makes express mention of one thing, the exclusion of others is implied. Shapiro v. Essex Cty. Freeholders Bd., 177 N.J. Super. 87, 94, 424 A.2d 1203 (Law Div. 1980), citing Gangemi v. Berry, 25 N.J. 1, 11, 134 A.2d 1 (1957). By implication it is therefore concluded that the Legislature did not intend to include conspiracy to distribute a controlled dangerous substance as an offense which would require a tenant's removal under the Act.
The motion to dismiss that portion of plaintiff's complaint seeking an eviction based on N.J.S.A. 2A:18-61.1(n) is therefore granted.
NOTES
[1] The issue has been raised by defendant's motion to dismiss the portion of plaintiff's complaint which seeks to remove defendant pursuant to N.J.S.A. 2A:18-61.1(n). The complaint also alleges a violation of N.J.S.A. 2A:18-61.1(p). The applicability of that paragraph is not addressed in this opinion, which is a supplement to the court's oral decision from the bench on the day of trial.