284 N.J. Super. 433 (1995)
665 A.2d 779
VANDER STERRE BROS. CONSTRUCTION, A NEW JERSEY PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
MILDRED KEATING, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1995.
Decided October 17, 1995.
*436 Before Judges KING, LANDAU and HUMPHREYS.
Darryl W. Siss argued the cause for appellant (Jeffer, Hopkinson, Vogel & Peiffer, attorneys; Mr. Siss and David H. Altman, on the brief).
Thomas Ludwig argued the cause for respondent (Mr. Ludwig, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.

I.
None of our cases directly address whether an owner of an apartment constructed as an intended condominium unit is required to give a new tenant the formal notice specified in N.J.S.A. 2A:18-61.9 of the Anti-Eviction Act (AEA).
Plaintiff-landlord here sought to evict defendant-tenant who rented an apartment in a condominium building. The landlord desired to convey the apartment unit as a condominium unit under a contract of sale to a third party. We conclude that the statutory notice required by N.J.S.A. 2A:18-61.9 should have been given at the inception of the tenancy, even though the apartment building was originally constructed for condominium use and was not a conversion from preexisting apartment use. Absent a proper statutory notice to the tenant, the three-year notice provision of N.J.A.C. 5:24-1.9(b) controls.

*437 II.
Defendant Mildred Keating moved into an apartment on South Irving Street in Ridgewood in early September 1984. She began occupancy under an oral agreement to live in the apartment for one year. During 1985 she signed a one-year lease, for a term from September 1, 1985 to August 31, 1986. After this lease expired, the defendant signed annual leases with similar provisions, except for rent increases.
In 1984, when she moved into the apartment, defendant received no written notice about potential sale. She could not recall the landlord telling her anything about the unit's proposed status, although she remembered an exterior sign identifying the building as a "condominium."
The first lease which Keating signed in 1985, and we presume all later leases, included this provision, typed in the form lease as the final paragraph:
Tenants expressly recognize that Landlord shall have the right to show the premises to prospective purchasers thereof during the term of the Lease. Should the premises be sold by the Landlord, [sic] any sale shall expressly be subject to the tenancy; Tenants, however, expressly recognizing that at the expiration of the Lease term (i.e. August 31, 1986) any owner of the premises shall have the right to occupy same upon giving the Tenants a 30-day notice of the termination of the tenancy.
On July 6, 1994 defendant received the landlord's letter notifying her that it, as owner and landlord, "has entered into a contract for sale of the property which requires that the property be vacant as of the date of closing which is August 31, 1994." The landlord's letter also advised the defendant that refusal to vacate would result in a "dispossess action."
On September 13, 1994 the landlord filed a summary dispossess action. After a trial in November 1994 the judge ruled that the landlord was obligated to provide notice under N.J.S.A. 2A:18-61.9 and did not do so. The judge dismissed the complaint for eviction and the landlord appeals.
We conclude that the judge did not err in finding that N.J.S.A. 2A:18-61.9 applied. The statutory notice of potential conversion *438 should have been given to defendant when her tenancy began. See also N.J.A.C. 5:24-1.9(a).

III.
The landlord stresses that this apartment unit was built as a condominium and was not a conversion from a rental apartment to a condominium. It claims that the reasons for the statutory notice are thus inapplicable.
We will accept the contention that the apartment unit was built as a condominium. Nonetheless, we conclude that the notice provision applies in this circumstance. The statute leaves no latitude for a judicial construction which excuses failure to give the specified notice. This portion of the AEA, N.J.S.A. 2A:18-61.1 to 6.12, states:
Any owner who establishes with a person an initial tenancy after the master deed or agreement establishing the cooperative was recorded shall provide to such person at the time of applying for tenancy and at the time of establishing any rental agreement a separate written statement as follows:
"STATEMENT
THIS BUILDING (PARK) IS BEING CONVERTED TO OR IS A CONDOMINIUM OR COOPERATIVE (OR FEE SIMPLE OWNERSHIP OF THE SEVERAL DWELLING UNITS OR PARK SITES). YOUR TENANCY CAN BE TERMINATED UPON 60 DAYS' NOTICE IF YOUR APARTMENT (PARK SITE) IS SOLD TO A BUYER WHO SEEKS TO PERSONALLY OCCUPY IT. IF YOU MOVE OUT AS A RESULT OF RECEIVING SUCH A NOTICE, AND THE LANDLORD ARBITRARILY FAILS TO COMPLETE THE SALE, THE LANDLORD SHALL BE LIABLE FOR TREBLE DAMAGES AND COURT COSTS."
The parenthesized words shall be omitted or substituted for preceding words where appropriate. Such statement shall also be reproduced as the first clause in any written lease provided to such person.
[N.J.S.A. 2A:18-61.9.]
Regulations of the Department of Community Affairs (DCA), charged by N.J.S.A. 2A:18-61.12 with adopting rules and regulations for implementation of the AEA, also state that the capitalized statement "must be included as the first clause of any written *439 lease" in addition to the written notice given at the time of applying for or establishing rental. N.J.A.C. 5:24-1.9(a).
The landlord's position rests on the assertion that we should find a legislative intent not to require this notice for a tenant who rents an apartment originally built as a condominium. The landlord claims that the statutory notice set out in capitals "is limited to conversion buildings and tenants" and does not apply to "new construction."
We consistently have expressed the strong public policy against dispossession except upon strict compliance with the notice and procedural requirements of the AEA. Montgomery Gateway v. Herrera, 261 N.J. Super. 235, 241, 618 A.2d 865 (App.Div. 1992); Bayside Condominiums, Inc. v. Mahoney, 254 N.J. Super. 323, 325, 603 A.2d 528 (App.Div. 1992); Housing Authority v. Williams, 263 N.J. Super. 561, 564, 623 A.2d 318 (Law Div. 1993). "Strict compliance" means "punctilious" observation of all of its provisions, including the notice provisions. Weise v. Dover General Hospital, 257 N.J. Super. 499, 504, 608 A.2d 960 (App.Div. 1992) (citing Sacks Realty Co. v. Batch, 248 N.J. Super. 424, 426, 591 A.2d 660 (App.Div. 1991)).
A landlord fails to demonstrate strict compliance where the notice is defective in any particular from the statutory requirements; such notice is ineffective regardless of the landlord's good faith, the absence of prejudice to the tenant, and the lack of offense to the AEA's expressed policy. Weise, supra, 257 N.J. Super. at 504, 608 A.2d 960; Aspep Corp. v. Giuca, 269 N.J. Super. 98, 102, 634 A.2d 582 (Law Div. 1993). Absent strict compliance with the requirements of the AEA, a court is without jurisdiction to entertain a summary dispossession action. Bayside, supra, 254 N.J. Super. at 326-27, 603 A.2d 528; 809-811 Washington St. v. Grego, 253 N.J. Super. 34, 42, 600 A.2d 1222 (App.Div. 1992); Ashley Court Enterprises v. Whittaker, 249 N.J. Super. 552, 556, 592 A.2d 1228 (App.Div. 1991).
*440 The landlord did not meet the statutory standards. Most glaring is the failure to provide written notice in the form required by N.J.S.A. 2A:18-61.9 when defendant's tenancy began, or one year later when her lease was executed. Not only is the capitalized notice not in the lease, the clause in the lease which states that the landlord may show the apartment for sale is the last provision in the lease, not the first as the statute requires.
Nor does the record demonstrate that the condominium will be sold to an owner-occupant. No witness so testified, nor does the contract of sale so provide; it simply recites that the buyer is entitled to possession "and any rents or profits." In addition, although there was no disagreement in the record with plaintiff's assertion that the apartment was built as a condominium, the record does not specifically include evidence that the apartment building is a condominium nor, more significantly, evidence of when the master deed was filed. The recording of the master deed makes an apartment a condominium. 316 49 Street Associates v. Galvez, 269 N.J. Super. 481, 483, 635 A.2d 1013 (App.Div.), certif. denied, 137 N.J. 164, 644 A.2d 612 (1994) (citing N.J.S.A. 46:8B-8 and Veltri v. Norwood, 195 N.J. Super. 406, 413, 479 A.2d 931 (App.Div. 1984)).
The landlord confronts a formidable challenge in attempting to persuade us to judicially minimize protections afforded tenants under the AEA, which has repeatedly been recognized as premised on a strong public policy to protect tenants. As for plaintiff's insistence that the notice provision was not intended to apply to a building originally constructed as a condominium, the clear text of the statute defeats such a construction. An owner has "good cause" for which eviction may be granted where:
The owner of a building or mobile home park, which is constructed as or being converted to a condominium, cooperative or fee simple ownership, seeks to evict a tenant or sublessee whose initial tenancy began after the master deed, agreement establishing the cooperative or subdivision plat was recorded, because the owner has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing. However, no action shall be brought against a tenant under paragraph (1) of this subsection *441 unless the tenant was given a statement in accordance with section 6 of P.L. 1975, c. 311 (C. 2A:18-61.9);
[N.J.S.A. 2A:18-61.1(1)(1) (emphasis added).]
As we have long recognized the legislative history of the AEA makes clear that eviction of a tenant in occupancy of a condominium may "proceed only in accordance with new provisions of this act." Veltri, supra, 195 N.J. Super. at 411, 479 A.2d 931. The clear text of the statute mandates the giving of notice in accordance with N.J.S.A. 2A:18-61.9 to a tenant who leases an apartment unit in a building eventually intended as a condominium.
Our affirmance on this point presents the practical problem of the eviction remedy available to the landlord, if any. If the owner has a contract for sale with a person who will occupy the premises, the owner meets the jurisdictional prerequisite for eviction of the tenant except as to notice, which cannot be retroactively provided to the tenant. In Bayside, supra, 254 N.J. Super. at 327, 603 A.2d 528, we recognized that the tenants had not received the required notice under N.J.S.A. 2A:18-61.9, a jurisdictional prerequisite even though the plaintiff-landlord was not the owner of the property when the tenancy began. The effect of strict compliance with the notice provision could give the tenants "an effective life estate." Ibid.
The trial judge in Bayside, id. at 328, 603 A.2d 528, avoided this undesirable life-tenancy consequence by anticipating that, if the plaintiff obtained an agreement of sale with a buyer who would personally occupy the unit, the plaintiff would be entitled to judgment for possession under N.J.S.A. 2A:18-61.1(l)(1) after sixty days notice. We were not sanguine at this prospect; we said that this solution was not "foreordained" but must be resolved in the future, if a case with the appropriate facts so required, by evaluating principles of statutory construction and public policy. Ibid.
In the circumstances of this case, which presents the issue which we anticipated but did not resolve in Bayside, we find that the landlord cannot obtain a judgment for possession on a sixty-day *442 notice only. Without the statutorily-required notice, defendant's situation is akin to that of a pre-conversion tenant who occupies a building which the owner converts to a condominium during the tenancy, and who must be given three years notice before a judgment for possession may be obtained by the landlord.
This is the regulatory conclusion reached by DCA, the agency charged with implementing this statute. In a provision not mentioned in the parties' briefs, a DCA regulation presents the common-sense solution in this situation:
If a tenant whose tenancy began after the conversion was initiated and was not given proper notice as provided in (a) above, the tenant will have the right to a three year notice as provided for in the previous portion of these regulations.
[N.J.A.C. 5:24-1.9(b).]
The notice alluded to in section (a) of N.J.A.C. 5:24-1.9 is the statutory notice required under N.J.S.A. 2A:18-61.9. The three-year notice "in the previous portion" refers to the regulations which track the legislative requirement that a preconversion tenant is entitled to three years' notice of eviction, as opposed to the mere sixty days' notice provided for a tenant whose tenancy began after the apartment was established as a condominium and who was given notice at the time the tenancy began. See N.J.S.A. 2A:18-61.8; N.J.A.C. 5:24-1.3(a) and (b).
Providing defendant with a three-year notice, consistent with this regulation, is less onerous for landlords than earlier judicial resolutions. In Sacks Realty, supra, 248 N.J. Super. at 426, 591 A.2d 660, we found there was no jurisdiction to consider a dispossession complaint where, although the landlord gave the tenants actual notice, the landlord failed to give the DCA-form notice at the time tenants were informed of the intent to remove the apartments from the rental market but did so only when it began eviction proceedings. The landlord's good faith and lack of actual prejudice to the tenants or to public policy notwithstanding, we refused to find that "substantial compliance" met the strict-compliance standard imposed by the AEA. Ibid.
*443 Similarly, in Sibig & Co. v. Santos, 244 N.J. Super. 366, 368, 582 A.2d 840 (App.Div. 1990), we refused to find sufficient notice where the landlord notified tenants that it intended to commence proceedings to obtain possession in three years, instead of telling them their tenancies would end three years hence. Although three years had passed, the landlord in Sibig was required to submit to a new three-year period, with a notice which strictly complied with the AEA. The deviations from the AEA notice provisions in Sacks and Sibig were at least as innocent and arguably as non-prejudicial as the failure to give a tenant the required notice here.
The notice required by N.J.S.A. 2A:18-61.9 to the tenant at the inception of her tenancy and in the first paragraph of her lease was jurisdictional. Failure to give a tenant such notice bars a court from entering a judgment for dispossession under the provisions for sixty-day notice of eviction under N.J.S.A. 2A:18-61.1(l)(1) and N.J.S.A. 2A:18-61.2(f). We hold that any dispossession action by plaintiff must be preceded by the three-year notice described in N.J.S.A. 2A:18-61.1(k) and N.J.S.A. 2A:18-61.2(g) and made applicable in these circumstances by the DCA in N.J.A.C. 5:24-1.9(b).
Consistent with the policy of affording broad protection to tenants while giving landlords a way to remove rental units from the market, we continue to require strict compliance with the AEA's provisions before accepting jurisdiction to consider a dispossession complaint.
As recognized by the Legislature, housing shortages in the State have led to "unfortunate attempts to displace tenants employing pretexts, stratagems or means other than those provided pursuant to the intent of State eviction laws designated [sic] to fairly balance and protect rights of tenants and landlords." N.J.S.A. 2A:18-61.1a(b). It is in the "public interest of the State to maintain for citizens the broadest protections available under State eviction laws to avoid such displacement and resultant loss of affordable housing...." N.J.S.A 2A:18-61.1a(d). The protection afforded by N.J.S.A. 2A:18-61.1e responds in part to these concerns. To be sure, there is no evidence of any bad faith on the part of Dover here. But even so, we think nothing short of strict compliance is required.
[Weise, supra, 257 N.J. Super. at 505, 608 A.2d 960.]
*444 Plaintiff contends that Bayside, supra, 254 N.J. Super. at 328, 603 A.2d 528, permits this dispossession action to proceed in order to avoid granting an effective life estate to its tenant. But Bayside merely said that considerations of public policy and statutory construction would guide a court's decision when the issue properly arose. Ibid. The strongest public policy extant is the intent of the Legislature, in enacting the AEA, "to limit evictions to situations in which a landlord had reasonable grounds and provided suitable notice." A.P. Development Corp. v. Band, 113 N.J. 485, 492, 550 A.2d 1220 (1988).
To the extent that Bayside, supra, 254 N.J. Super. at 328, 603 A.2d 528, may be read to suggest that a court should not compel the landlord to proceed under the three-year notice provisions, we reject that suggestion. Protection for the tenant may be a strong legislative policy, but the AEA is also concerned with affording landlords an opportunity to evict tenants for "good cause." Les Gertrude Assoc. v. Walko, 262 N.J. Super. 544, 548-49, 621 A.2d 522 (App.Div. 1993); Montgomery, supra, 261 N.J. Super. at 241, 618 A.2d 865. Good cause includes circumstances where the owner intends to sell a unit to an owner-occupant. Veltri, supra, 195 N.J. Super. at 409, 479 A.2d 931. The balance between these competing concerns is best struck by treating this tenant, whose tenancy began after the construction or conversion of a condominium but who did not receive the required notice, as a pre-conversion tenant subject to eviction on three years' notice. This course, chosen by the DCA in N.J.A.C. 5:24-1.9(b), has also been suggested in Smith, New Jersey Condominium and Community Association Law § 13:4(e) at 249 (1993 ed.):
If the tenancy commenced subsequent to conversion, a tenant is entitled to only 60 days notice prior to the end of his lease term before he is required to deliver possession, provided that (i) the proper statutory notice of the conversation is given to the tenant when he applies for tenancy and at the time of establishing the rental agreement; (ii) such notice is also included as the very first clause in the written lease; (iii) that the tenant is being evicted because of a sale to an owner occupant. N.J.S.A. 2A:18-61.9. If one of these conditions is not met, then it would seem appropriate to apply the pre-conversion protection that flow from 2A:18-61.1(k) to a post-conversion tenant.
*445 We follow this as a better alternative than either (1) ignoring the requirement that the tenant receive notice in the lease at the outset of the tenancy or (2) conferring a life estate on a tenant who has not been so notified.
Finally, we flatly reject the landlord's argument of "substantial compliance" with N.J.S.A. 2A:18-61.9. The landlord relies on defendant's concession that the building bore a sign designating it as a "condominium" when she moved into the apartment. The Landlord points out that defendant could not recall if she had oral notice of the possibility that the apartment could be sold during her tenancy.
The substantial-compliance argument also relies on the fact that defendant's lease, executed one year after her tenancy began, included as its last paragraph a notice that the landlord reserved the right "to show the premises to prospective purchasers thereof during the terms of the lease" and that upon sale the new owner might "have the right to occupy the same upon giving the tenants a 30-day notice of the termination of the tenancy."
The provision falls short of the requirement that notice must be given prior to the start of the tenancy and be contained in the first paragraph of the lease. Even if the wording of the lease provision amounted to substantial compliance, there is no legal support for the landlord's assertion that substantial compliance is sufficient to grant a landlord the right to rely on a sixty-day notice of eviction. Strict compliance with the AEA, including all notice provisions, traditionally has been a jurisdictional prerequisite for a dispossession action. Montgomery, supra, 261 N.J. Super. at 241, 618 A.2d 865; Weise, supra, 257 N.J. Super. at 504, 608 A.2d 960; Bayside, supra, 254 N.J. Super. at 325, 603 A.2d 528; Aspep, supra, 269 N.J. Super. at 102, 634 A.2d 582; Williams, supra, 263 N.J. Super. at 565, 623 A.2d 318.
The landlord overstates the prejudice factor by claiming that the trial judge "blind-sided plaintiff with a notice requirement it had no knowledge of or control over" because the judge "expanded the scope of [N.J.A.C. 2A:18-]61.9 to cover new construction." In *446 fact, N.J.S.A. 2A:18-61.1(l)(1), the provision under which plaintiff claims a right to evict defendant, explicitly provides that sale to a buyer who intends to occupy a unit "constructed as or being converted to a condominium" is good cause for eviction only when the statement required by "section 6 of [N.J.S.A. 2A:18-61.9]" was given. We conclude that the notice requirement clearly applies to an apartment "constructed as" a condominium.
Affirmed, as modified.