284 N.J. Super. 566 (1995)
665 A.2d 1150
RIVERVIEW REALTY, INC. PLAINTIFF-RESPONDENT,
v.
MARGARET WILLIAMSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1995.
Decided October 25, 1995.
*567 Before Judges KING, LANDAU and HUMPHREYS.
Robert A. Nasdor argued the cause for appellant (Passaic County Legal Aid Society, attorneys for appellant; Mr. Nasdor, on the brief and on the letter brief, and Madeline L. Houston, Director of Litigation, and Olga K. Arthars, of counsel).
Rosalie C. Scheckel argued the cause for respondent (Feinstein, Raiss & Kelin, attorneys for respondent; Ms. Scheckel, on the brief).
The opinion of the court was delivered by HUMPHREYS, J.A.D.
The defendant appeals a judgment of possession entered in favor of the plaintiff after a trial in a summary dispossess action. The issue is whether the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to 61.12, prevents the eviction of family members of a deceased tenant. The defendant and her two daughters have resided in the Riverview Terrace Apartment House Complex for nearly thirty years. A grandchild also lived with her at the time of the trial. The property is subject to a municipal rent control ordinance. If the property becomes vacant, the landlord could increase the rent by 50%.
*568 Plaintiff purchased the complex approximately ten years ago. In May of 1994, plaintiff tendered to defendant a proposed lease. Prior to that time, the defendant was a month-to-month tenant. The lease contained a clause providing that it would automatically terminate "upon the death of the named TENANT within ten (10) days." The defendant objected to that clause and refused to sign the lease. Plaintiff brought a summary dispossess action.
The judge found after a trial that a landlord may limit a tenancy to the life of a tenant and that such a provision did not violate the Anti-Eviction Act. N.J.S.A. 2A:18-61.1 to -61.12. The judge entered a judgment of possession in favor of the plaintiff.
After the entry of the judgment of possession, the defendant signed the lease under protest. She said that in signing the lease she was not waiving her right to appeal the judgment. She and her family have remained in the apartment.
The Anti-Eviction Act provides that a residential tenant may not be evicted except upon certain statutory grounds. N.J.S.A. 2A:18-61.1. One of the statutory grounds occurs if a landlord proposes "at the termination of a lease, reasonable changes of substance in the terms and conditions of the lease, including specifically any change in the term thereof, which the tenant, after written notice, refuses to accept...." N.J.S.A. 2A:18-61.1(i). Plaintiff contends that the termination upon death clause is reasonable and that defendant must accept it or be dispossessed.
The purpose of the Anti-Eviction Act is to address the critical shortage of residential housing and to prevent the dispossession of tenants who are paying their rent and generally complying with their obligations as tenants. See the discussion in Guttenberg Sav. & Loan Ass'n v. Rivera, 85 N.J. 617, 623-26, 428 A.2d 1289 (1981). This court has said that: "The effect of that Act is to create a perpetual tenancy, virtually a life interest, in favor of a tenant of residential premises covered by the Act as to whom there is no statutory cause for eviction under N.J.S.A. 2A:18-61.1." Center Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350, *569 624 A.2d 996 (App.Div. 1993). The Act is "remedial legislation deserving of liberal construction." See 447 Assocs. v. Miranda, 115 N.J. 522, 529, 559 A.2d 1362 (1989).
The statute's protection extends to not only lessees and tenants but also to the "assigns, undertenants or legal representatives of such lessee or tenant." See N.J.S.A. 2A:18-61.1. The inclusion of "assigns, undertenants and legal representatives" suggests a legislative intent to afford protection to a broader category of residents than merely the person obligated under the written or oral lease. See Edgewater Inv. Assocs. v. Borough of Edgewater, 201 N.J. Super. 267, 285, 493 A.2d 11 (App.Div. 1985), aff'd 103 N.J. 227, 242, 510 A.2d 1178 (1986) (residents protected under the Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.22 to -61.39, need not be "tenants of record)."
A tenant's death generally does not terminate a lease. In Kelly v. Alstores Realty Corp., 130 N.J. 313, 318-19, 613 A.2d 1163 (1992), the court said that the personal representative of the deceased ordinarily continues to "be subject to the burdens and entitled to the benefits" of the decedent's lease and that any other rule would "needlessly undermine the stability of real estate leases and would generally be contrary to the reasonable expectations of the parties." Defendant argues that by requiring her to sign a lease with a termination upon death clause, the landlord is making an unreasonable change of substance, namely attempting to obtain important eviction rights which it did not previously have. She asserts that forcing her to give the landlord these rights is unfair to her and to her family and is contrary to a liberal construction of the Anti-Eviction Act. Defendant maintains that in view of the beneficial purposes of the Act, its protection should extend to a family which has resided in an apartment for many years and not simply to the person who may be the "tenant" in a technical sense.
Plaintiff counters by arguing that the family members have never entered into an agreement with the landlord nor made rent payments. All the checks or money orders were submitted to the landlord in the name of the defendant. Plaintiff argues that it *570 should not be forced to give the defendant's family a lease for their lifetime.
In Center Ave. Realty, Inc. v. Smith, supra, 264 N.J. Super. at 353, 624 A.2d 996, we left "for another day, the question of the scope of our Anti-Eviction Act vis-a-vis occupant family members of deceased tenants." We do so again in this case. We do so because the answer to the question can best be determined in the light of the circumstances that exist at the time of the defendant's death. At that time, the equities can be examined in the light of the beneficial purposes of the Anti-Eviction Act and a fair determination reached as to whether the remedial purposes of the Act would be violated by enforcing such a clause. See Edgewater Inv. Assocs. v. Borough of Edgewater, supra, 103 N.J. at 243, 510 A.2d 1178 (whether the "full protections" of the Anti-Eviction Act should be applied to a particular senior citizen requires a "fact-sensitive analysis").
Consequently, we affirm the judge's ruling that the defendant sign a lease containing the termination upon death clause, but we hold that her signing is without prejudice to a determination at the time of her death of the legal effect, if any, of that clause.
Mindful that several unpublished, and therefore nonauthoritative, Appellate Division opinions appear to have granted resident relatives protection under the Anti-Eviction Act, we recommend that the Legislature consider this recurring issue.
Affirmed, as modified.