688 A.2d 108

HOUSING AUTHORITY OF THE CITY OF HOBOKEN,
PLAINTIFF–APPELLANT, v. CARMEN ALICEA,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1997—Decided January 31, 1997.

Before Judges HAVEY and KESTIN.

*Douglas H. Hurd* argued the cause for appellant (*Mason, Griffin & Pierson, P.C.*, attorneys; *Rudy Garcia*, of counsel; *Mr. Hurd*, on the brief).

*John Ukegbu* argued the cause for respondent (*Hudson County Legal Services Corp.*, attorneys; *Mr. Ukegbu*, of counsel and on the brief).

The opinion of the court was delivered by

HAVEY, P.J.A.D.

Plaintiff Housing Authority of the City of Hoboken filed an eviction complaint against defendant, Carmen Alicea, asserting that she violated *N.J.S.A.* 2A:18–61.1p by permitting her son Luis to occupy the leased premises after Luis had been charged with an offense under the Comprehensive Drug Reform Act (CDRA), *N.J.S.A.* 2C:35–1 to –23. At the close of plaintiff's case, the Special Civil Part judge dismissed the complaint, concluding that plaintiff failed to make a *prima facie* showing that Luis "occupied" defendant's premises. We affirm.

Defendant and her grandchildren are the only "occupants" named in her written lease with plaintiff. On December 14, 1995, defendant's twenty-six year-old son, Luis, was charged with pos-

session of heroin, *N.J.S.A.* 2C:35–10a, and remaining in an area for the purpose of illegally obtaining heroin, *N.J.S.A.* 2C:33–2.1b. The arrest occurred approximately one block away from defendant's apartment, but apparently in the same apartment complex.

On March 12, 1996, plaintiff served defendant with a "Notice Terminating Lease" which provided:

> You have permitted Luis Alicea, while an occupant of your premises, to engage in **DRUG RELATED ACTIVITY** upon the leased premises. Such activity occurred on December 14, 1995, wherein Luis Alicea was arrested and charged with **Possession of Heroin.**

During trial, plaintiff called the police officer who arrested Luis. He testified that upon Luis' arrest he stated he lived in defendant's apartment.[1] Plaintiff also presented its realty manager who resided in an apartment near defendant's. She testified that, during the time of Luis' arrest she observed Luis enter and leave defendant's apartment "every day." She was asked: "So he was *visiting* there every day until last week?" (emphasis added), and she responded, "Yes."

Under *N.J.S.A.* 2A:18–61.1(p), a tenant may be evicted if the landlord establishes by a preponderance of the evidence that: (1) the tenant has committed a drug offense under the CDRA "within or upon the leased premises or the building or complex of buildings and land appurtenant thereto"; or (2) the tenant permits or permitted "such a person" to occupy the premises "continuously or intermittently." [2]

This provision is part of the Anti–Eviction Act, *N.J.S.A.* 2A:18–61.1 to –61.12, which is remedial legislation deserving of liberal construction. *447 Assocs. v. Miranda,* 115 *N.J.* 522, 529, 559 *A.2d* 1362 (1989). The Act establishes that "tenants may not be removed from their residential premises except on one of

---

[1] Defendant did not object to the testimony on hearsay grounds. *See N.J.R.E.* 801(c).

[2] Apparently, defendant concedes that Luis committed the drug offense within the "complex of buildings" in which her apartment building is situate.

various enumerated grounds constituting 'good cause.'" *Id.* at 528, 559 *A.*2d 1362 (quoting *N.J.S.A.* 2A:18–61.1). The Act was intended to address the critical shortage of residential housing and to prevent "the dispossession of tenants who are paying their rent and generally complying with their obligations as tenants." *Riverview Realty, Inc. v. Williamson,* 284 *N.J.Super.* 566, 568, 665 *A.*2d 1150 (App.Div.1995). Thus, it should be construed "so as to allow a tenant to understand what the consequences may be as a result of his or her actions while residing in the leased premises." *Housing Auth. v. Williams,* 263 *N.J.Super.* 561, 565, 623 *A.*2d 318 (Law Div.1993) (tenant's conviction for conspiracy to distribute drugs was not a basis to evict under *N.J.S.A.* 2A:18–61.1(n)).

■ With these statutory principles in mind, we are satisfied that, to justify the ultimate sanction of eviction under *N.J.S.A.* 2A:18–61.1(p), a tenant must not only "permit" a drug offender to occupy the leased premises, but must also tolerate the offender's occupancy of the premises knowing that such person has violated the CDRA. Otherwise, a tenant who has not committed a drug crime, and who does not know that the person who occupies the leased premises has committed such an offense, would be subject to eviction. In essence, the innocent and unknowing tenant would be subject to removal based solely on the criminal act of another. This result obviously runs contrary to the remedial purposes of the Act.

■ Applying the standard under *R.* 4:37–2(b); *see also Brill v. Guardian Life Ins. Co. of Am.,* 142 *N.J.* 520, 535–36, 666 A.2d 146 (1995), we are convinced that the Special Civil Part judge properly granted defendant's motion for an involuntary dismissal. Accepting plaintiff's argument that Luis' statement to the police about his residence raised a legitimate inference that he "occupied" defendant's apartment on December 14, 1995, the day of his arrest, it does not logically follow that she knew of Luis' drug arrest and nevertheless countenanced his occupancy in the premises after that date. The record is entirely silent with respect to

defendant's knowledge of Luis' encounter with the law. More-over, all the realty manager was able to say was that defendant "visited" defendant's apartment "every day." But this evidence did not support a reasonable inference of Luis' "occupancy," which is a "[t]aking possession of property and use of the same; [as in] a tenant's use of leased premises." *Black's Law Dictionary* 743 (6th Ed.1991). Nor did this testimony establish defendant's knowledge of Luis' arrest.

Affirmed.